UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY P. FINNEY                         *       CIVIL ACTION

VERSUS                                    *       NO. 05-0057

BURL CAIN                                 *       SECTION "B"


OPINION

**Claim 1: Denial of Right to Testify**

Petitioner Finney claims his constitutional right to testify
on his own behalf was denied when the state court trial judge did
not permit him to testify. "It cannot be doubted that a defendant
in a criminal case has the right to take the witness stand and to
testify in his or her own defense." Rock v. Arkansas, 483 U.S.
44, 49 (1987). Here, Finney argues in conclusory fashion that his
testimony would have undermined the testimony of the two
arresting police officers.

Despite the reasonableness of his desire to testify, Finney
fails to offer any evidence other than his own bald assertions.
The trial transcript makes no mention of his desire to testify at
trial. (Rec. Doc. No. 12 at 8). Although Finney was not required
to stand up in open court and insist on testifying, see United
States v. Mullins, 315 F.3d 449, 455 (5th Cir. 2002), no
corroborating evidence from Finney's trial attorney or a third-
party was offered in his application for review or the objections
to the Magistrate Judge's Report. The Report correctly states,

1

"[w]ithout more, Finney's bare allegations are insufficient to trigger either further fact-finding by this Court or the granting of relief." (Rec. Doc. No. 12 at 8) (relying on <u>Underwood v. Clark</u>, 939 F.2d 473 (7th Cir. 1991) ("[A] barebones assertion by a defendant, albeit made under oath, is insufficient to require a hearing or other action on his claim that has right to testify in his own defense was denied him.").

**Claim 2: Ineffective Assistance of Counsel**

The next claim is that Finney's trial counsel was ineffective in failing to properly object when the judge did not allow Finney to testify. In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. First, a petitioner must demonstrate that the counsel's performance was deficient, and then, that the deficiency prejudiced his defense. <u>Id.</u> at 697. In sum, without any evidence to corroborate Finney's underlying claim that the trial judge took actions to prevent him from testifying, Finney fails to establish that his trial attorney failed to object.

**Claim 3: Excessive Sentence**

Finney's final argument is that the life sentence, without the benefit of parole, is excessive. The Magistrate Judge's Report provides a lengthy quotation from the Louisiana Fourth Circuit Court of Appeal, which rejected this claim. (Rec. Doc.

No. 12 at 11-13). In response, the state court relied on the goals of the Habitual Offender Law and the fact that one of petitioner's final convictions was for battery on a police officer. Id., citing State v. Finney, 798 So.2d at 1055-57. Under habeas corpus review, this Court may not review errors of state law. Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998).

Further, according to the Supreme Court and relevant Fifth Circuit precedent, much deference is accorded to state legistures to determine the types and limits of punishment for crimes. See Solem v. Helm, 463 U.S. 277 (1983); United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997).

The Fifth Circuit adopted in McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992) the following standard:

> [W]e will initially make a threshold comparison of the gravity of [petitioner's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1)the sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

The Magistrate Judge correctly applies Rummel v. Estelle, 445 U.S. 263 (1980), as a "litmus test" for determining whether the sentence is excessive. In Rummel, the Supreme Court upheld a

sentence to life imprisonment, with the possibility of parole after 12 years, for obtaining $120.75 under false pretenses under the Texas recidivist statute and took into account the petitioner's prior non-violent convictions. Id. The Fifth Circuit and the Supreme Court have subsequently further developed this analysis. Applying this standard, the complained of sentence for life imprisonment, without benefit of parole, is not excessive under Eighth Amendment standards. (Rec. Doc. No. 12 at 16).

Accordingly, having reviewed the record, law, and finding no need for an evidentiary hearing, we adopt the Magistrate Judge's recommendations and reasoning and **DENY** Finney's application for habeas corpus relief.


New Orleans, Louisiana, this 2nd day of March, 2006.


IVAN L.R.LEMELLE
UNITED STATES DISTRICT JUDGE

4